124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hugo Alfredo RODRIGUEZ-ACOSTA, Defendant-Appellant.
 No. 96-10492.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 15, 1997**
September 26, 1997.
 
 Appeal from the United States District Court for the District of Arizona, D.C. No. CR-96-00148-JMR; John M. Roll, District Judge, Presiding.
 Before KOZINSKI, MAYER*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Evidence of other bad acts or crimes may be admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident" under Fed.R.Evid. 404(b). The court did not abuse its discretion in allowing testimony about the June 1995 trailer purchases or the 1991 arrest. In each instance, the evidence constituted sufficient proof of the act and actor and involved sufficiently recent acts. The 1991 arrest was similar to the alleged offense and probative of two essential elements, intent and knowledge. The June 1995 purchases related to identity.
 
 
 3
 Evidence that Rodriguez-Acosta purchased the seized trailer directly concerned the charged offense, not another crime. Its admission, therefore, was not erroneous under Rule 404(b). Nor did it constitute plain error under Fed.R.Evid. 403, which permits a court to exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." The evidence was highly probative, and the court issued a limiting instruction. Likewise, the court cautioned the jury regarding the June 1995 trailer purchases and the 1991 arrest. The former admission was not plain error; the latter, not an abuse of discretion.
 
 
 4
 As for the hearsay objection, the court did not commit plain error by admitting Leonel Arias-Rodriguez' video deposition. That Arias-Rodriguez neither saw Rodriguez-Acosta's trailer nor recorded the seized trailer's number did not render his testimony inadmissible as hearsay. See Fed.R.Evid. 801(c). The jury received evidence of both facts.
 
 
 5
 Furthermore, "[o]n a challenge to the sufficiency of the evidence, the standard of review is whether there is substantial evidence to support the conviction." United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir.1986). There is.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-3
 
 
 **
 * The Honorable H. Robert Mayer, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3